```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
Nicholas Hansen,

                    Petitioner,
                                                MEMORANDUM & ORDER
         -against-
                                                21-CV-409

James Johnson,
Acting Superintendent,
Green Haven Correctional Facility,

                    Respondent.
-----------------------------------X
```
**KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

Petitioner Nicholas Hansen ("Petitioner") is incarcerated pursuant to a judgment of conviction imposed in New York State Supreme Court, Suffolk County.  Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. Section 2254, and alleges that his state custody violates his federal and constitutional rights due to the ineffective assistance of his trial counsel.  (ECF No. 1, Petition for Habeas Corpus ("Pet."), filed 01/25/21, at 1.)  For the reasons set forth below, the petition is DENIED.

BACKGROUND

I.   **Petitioner's 2013 Trial**

On December 13, 2013, Petitioner was convicted after a jury trial in New York State Supreme Court, Suffolk County, of one count each of Attempted Murder in the Second Degree (N.Y. Penal Law § 125.25), Criminal Sale of a Controlled Substance in

1

the First, Second, and Third Degrees (N.Y. Penal Law § 220.43, § 220.41, § 220.39), two counts of Criminal Use of a Firearm in the First Degree (N.Y. Penal Law § 265.09), two counts of Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.03), and seven counts of Criminal Possession of a Controlled Substance in the Second Degree (N.Y. Penal Law § 220.18).  (ECF No. 11-9, Trial Transcript ("Tr."), filed 08/16/21, at 145-152.)  On February 26, 2014, Petitioner was sentenced to a determinate prison term of twenty-three years, with five years post-release supervision for the second-degree attempted murder conviction, and concurrent determinate prison terms for each of the remaining convictions. (ECF No. 11-9, Sentencing Proceeding, filed 08/16/21; ECF No. 6-1, at 190-193; Respondent's Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus ("Resp't Mem."), filed 04/08/21, at 3-4.)

## II.  Post-Conviction Proceedings in State Court

Petitioner appealed his conviction to the Appellate Division, Second Department, challenging only the conviction of attempted murder in the second degree and the conviction of criminal use of a firearm in the first degree.  (ECF No. 11-3, Appellant's Brief, filled 08/16/21, at 66.)  The court affirmed the convictions on September 27, 2017, in *People v. Hansen*, 61 N.Y.S.3d 614 (2d Dep't 2017).  On January 18, 2018, the New York Court of Appeals denied Petitioner leave to appeal the decision

of the Appellate Division. *People v. Hansen*, 30 N.Y.3d 1105 (2018); (Pet. at 2.)

On March 21, 2018, Petitioner filed a motion pursuant to N.Y. Criminal Procedure Law § 440.10-1(h) seeking to vacate his conviction, or alternatively, for a hearing, on the basis that his conviction was obtained in violation of his Sixth Amendment right to effective assistance of counsel. (Pet. at 3.) Petitioner argued that his trial counsel failed to advise him that the decision whether to testify was ultimately his to make. (*Id.*) On January 13, 2020, the New York State Supreme Court, Suffolk County, denied Petitioner's application pursuant to N.Y. Criminal Procedure Law § 440.10(3)(a), finding that Petitioner failed to place his desire to testify on the record prior to his sentence. (ECF No. 11-4, 440 Decision ("440 Dec."), filed 08/16/21, at 14.) The court further denied the application on the merits, holding that Petitioner's claim of ineffective assistance of counsel failed under a *Strickland* analysis. (*See id.* at 14-17.) On March 4, 2020, Petitioner appealed the denial of his Section 440 motion to the Appellate Division of the Supreme Court, Second Judicial Department, pursuant to N.Y. Criminal Procedure Law § 450-15 and § 460.15. (ECF No. 11-1, Notice of Appeal to the Appellate Division, filed 08/16/21, at 5.) The Appellate Division denied Petitioner's

3

application on June 8, 2020.  (ECF No. 1, Denial of Leave to Appeal 440.10 Decision, filed 01/25/21, at 29.)

### III. The Instant Habeas Petition

On January 20, 2020, a week after the Supreme Court, Suffolk County denied Petitioner's § 440.10 motion, Petitioner filed the instant habeas petition, raising a single claim of ineffective assistance of trial counsel.  (Pet. at 5; Resp't Mem. at 4.)  Specifically, Petitioner claims that on the third day of jury selection, he expressed to trial counsel his desire to testify, and trial counsel responded using explicit language instructing Petitioner that he would not be testifying and threatened to withdraw from the case if Petitioner asked to testify again.  (Pet. at 5.)  Petitioner further claims that trial counsel told Petitioner's mother and sister that there was no need for him to testify at trial, and failed to inform Petitioner that it was his constitutional right to decide whether to testify.  (*Id.*)  Respondent opposes Petitioner's application for a writ of habeas corpus, and asserts that Petitioner's claim is procedurally barred because the state court rejected the same claim on adequate and independent state law grounds.  (Resp't Mem. at 4.)  Respondent further argues that the Petitioner's claim of ineffective assistance of counsel is without merit because the state court's determination did not result "in a decision that was contrary to, or involved an

4

unreasonable application of, clearly established Federal law[.]" (*Id.*); 28 U.S.C. § 2254(d).

## STANDARD OF REVIEW

Title 28, Section 2254 provides that:

> a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254. A habeas petition shall not be granted unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005), *cert. denied*, 546 U.S. 889 (2005). A habeas petitioner's state remedies are considered exhausted when the petitioner has: "(i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez v. Attorney Gen. of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001); *see also Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir.

5

1994), *cert. denied*, 514 U.S. 1054 (1995) ("To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims to the highest court of the pertinent state.") (internal quotation marks and citation omitted).

Where a claim has been exhausted, the Antiterrorism and Effective Death Penalty Act (AEDPA) requires that federal courts afford deference when reviewing state court decisions and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 599 U.S. 766, 773 (2010). Thus, a federal court is entitled to grant habeas relief only where the state court's adjudication of the federal claim resulted in a decision that was either: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state

6

court decision involves "an unreasonable application of... clearly established Federal law" when the state court "identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." (*Id.*) This standard requires the state court's decision to be "more than incorrect or erroneous;" rather, the state court's decision "must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.

## DISCUSSION

Here, there is no dispute as to the timeliness of Petitioner's claim under the applicable one-year statute of limitations for federal habeas petitions, nor is there any dispute that Petitioner has exhausted his claim in state court. Rather, Respondent argues that Petitioner's ineffective assistance of counsel claim is procedurally barred because the state court rejected the claim on adequate and independent state law grounds, and—even if the claim was not procedurally barred— the state court's decision was neither contrary to, nor did it

7

involve an unreasonable application of *Strickland v. Washington*. (Resp't Mem. at 4.)

### I. Procedural Bar Based on Independent and Adequate State Law Ground

In reviewing a habeas corpus petition from a state prisoner, a federal court may not consider the merits of a federal constitutional claim when the state court refused to review the merits of the claim on an adequate and independent state law ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977). Under the adequate and independent state grounds doctrine, the federal court must honor a state holding that is a sufficient basis for the court's judgment, even where the state court also relies on federal law when ruling on the merits. *Harris v. Reed*, 489 U.S. 255, 264 (1989). Therefore, federal habeas review is not permitted where the state court explicitly invokes a state procedural bar rule as a separate basis for decision. *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990).

In the instant application, Petitioner seeks a writ of habeas corpus claiming ineffective assistance of trial counsel based upon trial counsel's alleged failure to advise him of his constitutional right to decide whether to testify. (Pet. at 6.) Petitioner raised this claim in state court in his motion to

8

vacate his conviction pursuant to Criminal Procedure Law § 440.10-1(h) ("440 motion"). On January 20, 2020, the Supreme Court, Suffolk County, denied Petitioner's motion under N.Y. Criminal Procedure Law § 440.10-3(a), reasoning that Petitioner failed to place known facts on the trial record prior to sentencing and waited four years to assert his claim. (440 Dec. at 13.) The court noted that Petitioner failed to raise his objections when defense counsel was given the opportunity to call witnesses and declined to express his dissatisfaction at sentencing. (440 Dec. at 12.) When denying Petitioner's 440 motion on state procedural grounds, the court noted that the claim was also meritless because Petitioner failed to establish ineffective assistance of counsel based on the standard set forth in *Strickland v. Washington*. (440 Dec. at 14-17).

Although Justice Camacho rejected Petitioner's claim of ineffective assistance of counsel on both procedural and merit-based reasoning, it is clear that the court invoked Section 440.10(3)(a) as a separate basis for its decision.[1] (*Id.*) Section 440.10(3)(a) constitutes an adequate and independent state law ground that precludes federal habeas

---

[1] Justice Camacho denied defendant's application in accordance with Section 440.10(3)(a) and then further explained that "[e]ven if the defendant's self-serving, unsubstantiated assertions were enough to survive the procedural hurdles, his claim of ineffective assistance of counsel would fail under a *Strickland* analysis." (440 Dec. at 14.)

9

review. *See Pooler v. Rice*, No. 14-CV-3089 (JMA), 2017 WL 2684023, at *8 (E.D.N.Y. June 20, 2017); *see also Chrysler v. Guiney*, 14 F. Supp. 3d 418, 454 (S.D.N.Y. 2014), *aff'd*, 806 F.3d 104 (2d Cir. 2015); *Witt v. Racette*, No. 10-CV-9180, 2012 WL 3205177, at *8 (S.D.N.Y. Aug. 7, 2012) ("Federal courts have recognized Section 440.10(3)(a) as an adequate and independent procedural bar that precludes federal *habeas* review."). Here, though the state court in making its finding regarding Section 440.10 did not explicitly "specify whether its merits holding was in the alternative to its procedural bar-holding[,]" "the statement that the claim was procedurally barred was clear and express, and it was not hypothetical or ambiguous." *Williams v. Artus*, No. 11-CV-5541 (JG), 2013 WL 4761120, at *33 (E.D.N.Y. Sept. 4, 2013). Accordingly, because the state court's decision rested on a state procedural bar, this Court is precluded from reviewing the claim on the merits unless Petitioner can overcome the procedural bar.

A petitioner can overcome a procedural default by showing both cause for noncompliance with the state rule and actual prejudice resulting from the alleged constitutional violation. *Smith v. Murray*, 477 U.S. 527, 533 (1986). To establish cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded

10

counsel's efforts to comply with the state's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For Petitioner to establish actual prejudice, a petitioner must show not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *United States. v. Frady*, 456 U.S. 152, 170 (1982).

Here, Petitioner has failed to demonstrate cause as to why he was unable to comply with state procedures. The court held in its 440 Decision that Defendant failed to place known facts on the trial record and "waited four years to assert these facts for the first time." (440 Dec. at 14.) The court also noted that the defendant failed to place his desire to testify on the record, despite having the opportunity to do so; defendant failed to raise the issue when defense counsel was asked if he planned to call witnesses and declined to discuss the issue during the pre-sentence investigation and at sentencing. (440 Dec. at 12.) Because Petitioner has not demonstrated why he failed to express his desire to testify in state court, Petitioner has failed to show cause for his procedural default. *See Dominguez v. Rock*, No. 12-CV-3269 (NGG), 2016 WL 542120, at *8 (E.D.N.Y. Feb. 9, 2016) (citing

11

*Murray* 477 U.S. at 498) ("Petitioner has not shown, and cannot show, cause for his default, since no apparent facts or circumstances prevented him from raising his sufficiency challenge in state court.").

Because Petitioner has not established cause for the procedural default, the court need not decide whether he suffered actual prejudice. *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Dominguez*, 2016 WL 542120, at *8-9; *Horton v. Ercole*, 557 F. Supp. 2d 308, 323 (N.D.N.Y. 2008). Nonetheless, Petitioner has not established actual prejudice resulting from the alleged violation. The Supreme Court, Suffolk County reviewed the merits of Petitioner's claim to ensure that it was given fair review and that the resulting decision did not create undue prejudice. Accordingly, Petitioner has not overcome the procedural default, and Petitioner's claim of ineffective assistance of counsel is procedurally barred from federal review.

## II.  Ineffective Assistance of Counsel Claim

Even if Petitioner's claim was not procedurally barred, Petitioner's claim would fail on the merits.[2]

---

[2] Although the Court's view remains that Petitioner's claim is procedurally barred, the Court acknowledges that the allegations regarding the behavior of Petitioner's trial counsel are both serious and concerning.

12

Ineffective assistance of counsel claims are governed by the standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, to determine whether counsel was ineffective, a court must assess whether petitioner had "reasonably effective assistance" of counsel, such that counsel's actions neither: (1) fell below an objective standard of reasonableness (the "performance prong"); nor (2) caused a reasonable probability that the result of the trial would have been different but for counsel's unprofessional errors (the "prejudice prong"). *Strickland*, 466 U.S. at 687-96. In determining whether to grant federal habeas review, the court must decide "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Under the performance prong, a petitioner challenging a conviction must show that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. A court reviewing counsel's performance must afford substantial deference and must make "every effort...to eliminate the distorting effects of hindsight" by evaluating counsel's decisions at the time they were made. *Strickland*, 466 U.S. at 689. Therefore, a reviewing court must operate on the presumption "that counsel's conduct falls within the wide range

13

of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also Brown v. Greene*, 577 F.3d 107, 110 (2d Cir. 2009).

Under the prejudice prong, Petitioner must prove that there is "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Merely showing that the errors had some effect on the outcome of the proceeding is insufficient. *(Id.* at 693.) Instead, "[c]ounsel's errors must be 'so serous as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687).

Both the *Strickland* standard and the AEDPA are highly deferential, and "when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The state court reviewed Petitioner's ineffective assistance of counsel claim on the merits, and held that "[t]he defendant has failed to demonstrate the absence of strategy or other legitimate explanation for counsel's alleged shortcoming" and, therefore, failed to satisfy the performance prong of *Strickland*. Therefore, this Court considers the claim under the "doubly" deferential standard.

In denying petitioner's 440.10 motion, Justice Camacho determined that, from an objective standpoint, the record

14

revealed "the existence of a trial strategy that may have been pursued by a reasonably competent attorney." (440 Dec. at 10.) After reviewing Petitioner's arguments, the court explained that "it was a reasonable strategy to advise the defendant against testifying even if defense counsel employed forceful persuasion tactics[,]" and further, that it was certainly reasonable for trial counsel to avoid subjecting the defendant to vigorous cross-examination. (*Id.*)

This court agrees that Petitioner has failed to show that trial counsel was ineffective under the *Strickland* standard. Because there are legitimate strategic reasons why trial counsel advised Petitioner against testifying, the court holds that Justice Camacho did not unreasonably apply *Strickland* in his denial of petitioner's 440.10 motion.

## **CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is denied. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is respectfully requested to enter judgment denying this petition, mail a copy of this Memorandum and Order and judgment to Petitioner, note

mailing on the docket, and close this case.

**SO ORDERED.**

Dated:   Brooklyn, New York
         January 10, 2022            ____/s/_____
                                     **KIYO A. MATSUMOTO**
                                     United States District Judge