UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NICHOLAS HANSEN,

                    *Petitioner*,

                                                   MEMORANDUM & ORDER
          -*against*-
                                                   21-CV-00409

JAMES JOHNSON
ACTING SUPERINTENDENT
GREEN HAVEN CORRECTIONAL FAC,

                    *Respondent*.
----------------------------------X
**KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

## BACKGROUND

Petitioner Nicholas Hansen ("Petitioner") is incarcerated pursuant to a judgment of conviction imposed in New York State Supreme Court, Suffolk County. Petitioner sought a writ of habeas corpus pursuant to 28 U.S.C. Section 2254 and alleged that his state custody violates his federal and constitutional rights due to the ineffective assistance of his trial counsel. (ECF No. 1, Petition for Habeas Corpus ("Pet."), filed 01/25/21, at 1.) For the reasons set forth in the Court's January 10, 2022 Memorandum and Order (Jan. 10, 2022 Order) (ECF No. 14), the petition was denied. Petitioner appealed the Court's ruling to the Court of Appeals, and the Second Circuit vacated and remanded the case back to this Court to consider whether:

the state court's application of N.Y. C.P.L. § 440.10-3(a) to Appellant's ineffective assistance claim was "exorbitant," and thus inadequate to preclude federal habeas review, *see Pierotti v. Walsh*, 834 F.3d 171, 176–77 (2d Cir. 2016); *People v. Harris*, 491 N.Y.S.2d 678, 687–88 (App. Div. 2d Dep't 1985); and, if so, whether (2) the state court's merits analysis was a "contrary-to-fact construction" and thus not entitled to AEDPA deference, *Fulton v. Graham*, 802 F.3d 257, 265 (2d Cir. 2015); and (3) whether Appellant was entitled to habeas relief on his claim that counsel was ineffective by allegedly (a) failing to properly advise him of his right to testify, or (b) coercing him into not testifying, *see Brown v. Artuz*, 124 F.3d 73, 79 (2d Cir. 1997).

This Court assumes both parties' familiarity with the facts of the case.  After trial before a court and jury on December 13, 2013, Petitioner was convicted of Attempted Murder in the Second Degree, two counts of Criminal Use of a Firearm in the First degree, Criminal Possession of a Weapon in the Second Degree, Criminal Sale of a Controlled Substance in the First, Second, and Third Degree, two counts of Criminal Possession of a Weapon in the Seventh Degree, seven counts of Criminal Possession of a Controlled Substance in the Second Degree, and Criminal Possession of a Controlled Substance in the Fourth Degree.  (ECF No. 11-9, Trial Transcript ("Tr."), filed 08/16/21, at 145-152.)[1]  Petitioner was sentenced to a determinate prison term of twenty-three years, and a five-year post-release supervision term for the charge of Attempted Murder

---

[1] Citations to Tr. refer to the trial testimony which are annexed through multiple exhibits.  (ECF No. 11-5-9.)  The exhibits are sequential, so the citations follow the internal pagination of the documents.

in the Second Degree, and concurrent determinate prison terms
for each of the remaining convictions.  (ECF Nos. 11-9,
Sentencing Proceeding, filed 08/16/21; 6-1, at 190-193,
Respondent's Memorandum of Law in Opposition to Petition for a
Writ of Habeas Corpus ("Resp't Mem."), filed 04/08/21, at 3-4.)

Petitioner filed a direct appeal challenging only his
convictions for Attempted Murder in the Second Degree and
Criminal Use of a Firearm in the First Degree.  (ECF No. 11-3,
Appellant's Brief, filled 08/16/21, at 66.)  The New York
Appellate Division, Second Department upheld the convictions.
*People v. Hansen*, 61 N.Y.S.3d 614 (2d Dept 2017).  The New York
Court of Appeals denied leave to appeal.  *People v. Hansen*, 30
N.Y.3d 1105 (2018).

After his leave to appeal was denied, Petitioner filed
a motion pursuant to New York Criminal Procedural Law (NY CPL)
§440.10-1(h).[2]  (ECF No. 11-4, Appellant's Motion to Vacate the
Conviction ("440.10 Mot."), filed 08/16/21, at 19-30).
Petitioner sought to vacate his conviction, or alternatively, a
hearing, on the basis that his conviction was obtained in
violation of his Sixth Amendment right to effective assistance
of counsel.  (*Id.*)  Petitioner argued that his trial counsel

---

[2] CPL §440.10-1(h) provides a vehicle for criminal defendants to move to vacate
their conviction upon the grounds that "the judgment was obtained in
violation of a right of the defendant under the constitution of this state or
of the United States".

failed to advise him that the decision whether to testify was ultimately his to make.  (*Id.*)

The New York State Supreme Court, Suffolk County ("440.10 Court") denied Petitioner's application pursuant to NY CPL § 440.10(3)(a) holding Petitioner's claim was procedurally barred because Petitioner failed to state his desire to testify on the record prior to his sentence.  (ECF No. 11-4, 440.10 Decision ("440.10 Dec."), filed 08/16/21, at 14.)  The 440.10 Court further held that even if Petitioner's claims cleared the procedural hurdles, his claim failed on the merits under a *Strickland* analysis.  (*Id.* at 14-17); *Strickland v. Washington,* 466 U.S. 668 (1984) ("A [petitioner] claiming ineffective assistance must (1) demonstrate that his counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms,' and (2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation.").

When considering the 440.10 Motion the Court determined that Petitioner failed to meet the first *Strickland* prong of deficient performance, finding that counsel reasonably and strategically decided to advise Petitioner against testifying, even if "forceful persuasion tactics" were employed. (*Id.* at 16-17.)  The Court stated that Petitioner also failed to satisfy the second *Strickland* prong of prejudice in the outcome

4

of the proceedings had he testified, because the jury was presented with the justification defense, about which Petitioner wanted to testify, and viewed the video and audio evidence. (*Id.* at 17.)  The Appellate Division denied Petitioner leave to appeal on June 8, 2020.  (ECF No. 1, Denial of Leave to Appeal 440.10 Decision, filed 01/25/21, at 29.)

On January 25, 2021, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 raising a single claim of ineffective assistance of counsel.  (ECF No. 1, Petition for Habeas Corpus ("Pet."), filed 01/25/21, at 1.)  Petitioner alleged that he raised the issue of testifying with counsel on the third day of *voir dire* and counsel responded with an expletive, told Petitioner he knew what he was doing and that if Petitioner raised the issue again counsel would withdraw from the case.  (Pet. at 5; Resp't Mem. at 4.; ECF No. 11-4, Petitioner's Sworn Affidavit ("Pet. Aff."), filed 08/16/21, at 20-24).)  Petitioner stated he "became scared that [his attorney] really would leave my case, so I just nodded my head. I knew my mother had just emptied every bank account she had in order to pay [the attorney] his fee . . . I did not want my mother to lose her money for nothing, so I kept quiet after that and hoped for the best.  (Pet. Aff. at 21-22.)  Petitioner stated he was unaware that he had the right to testify until after he visited the law library at the Auburn Correctional

5

Facility.  (*Id.* at 22.)   In his petition, Petitioner described the testimony he would have provided had he testified and submitted affidavits from family members.   (*Id.* at 23.)

Upon review of the state court's ruling, this Court found that the Petitioner's ineffective assistance of counsel claim was procedurally barred because the state court rejected the claim on adequate and independent state law grounds.  (See ECF No. 14, Jan. 10, 2022 Order.)  The Court also held that even if the claim was not procedurally barred, the 440.10 Court's decision was neither contrary to, nor did it involve an unreasonable application of *Strickland v. Washington*.  (*Id.)*  By Memorandum and Order filed on January 10, 2022, this Court denied Petitioner's writ of habeas corpus.  *Hansen v. Johnson*, No. 21-CV-409, 2022 WL 94397, at *1 (E.D.N.Y. Jan. 10, 2022).

Petitioner moved for a certificate of appealability, which the Second Circuit granted.  *Hansen v. Johnson*, No. 22-241, 2022 WL 4389499, at *1 (2d Cir. Sept. 20, 2022).

## Second Circuit Decision

On September 20, 2022, the Second Circuit vacated this Court's order and judgment and remanded for further proceedings. (*Id.*)  Specifically, the Second Circuit ordered this court to consider whether:

> (1) the state court's application of N.Y. C.P.L. § 440.10-3(a) to Appellant's ineffective assistance claim was "exorbitant," and thus inadequate to

6

> preclude federal habeas review . . . and, if so,
> whether
> (2) the state court's merits analysis was a "contrary-
> to-fact construction" and thus not entitled to AEDPA
> deference; and
> (3) whether Appellant was entitled to habeas relief on
> his claim that counsel was ineffective by allegedly
>      (a) failing to properly advise him of his right
>      to testify, or
>      (b) coercing him into not testifying. . .

*Id.* (internal citations omitted).

This Court ordered responses from both parties to the Second Circuit's order.  (Nov. 10,2022 Order.)  Assistant District Attorney Karla Lato of the Suffolk County District Attorney's Office and Petitioner have both filed their responses, and this Court has fully considered their arguments and the record.  (ECF No. 21, Resp't Letter Supplemental Response to Queries of Document #18; ECF No. 22, Petitioner Declaration in Response to Court Order ("Pet. Declaration".)

The Court addresses each of the above three directives from the Second Circuit in turn.  Upon review, this Court first finds that the 440.10 Court's application of CPL § 440.10(3)(a) was "exorbitant," under the law discussed further below, and was erroneously applied.  Second, the Court finds that the 440.10 Court's merits analysis to be a "contrary-to-fact construction" and accordingly it is not entitled to AEDPA deference.

Third, after *de novo* review, the Court finds that Petitioner is not entitled to habeas relief because Petitioner did not satisfy his burden to show that his counsel provided

7

constitutionally inadequate assistance of counsel under
*Strickland,* 466 U.S. 668.  Accordingly, Petitioner's application
for a writ of habeas corpus is respectfully denied.

## I.   Motion to Vacate the Judgment Pursuant to CPL §440.10

Petitioner had filed a Motion to Vacate his conviction
pursuant to CPL § 440.10-1(h), arguing that his Sixth Amendment
right to effective assistance of counsel was violated when his
counsel failed to advise him that the decision to testify was
ultimately Petitioner's to make and threatened to quit when
Petitioner raised the issue of testifying at trial.  (440.10
Mot. at 2.)  The state court held that Petitioner's claims of
ineffective assistance of counsel were barred based on a
procedural ground, CPL § 440.10(3)(a), which provides that the
Court may deny a motion to vacate a judgment:

> when, although facts in support of the ground or issue
> raised upon the motion could with due diligence by the
> defendant have readily been made to appear on the
> record in a manner providing adequate basis for review
> of such ground or issue upon an appeal from the
> judgment, the defendant unjustifiably failed to adduce
> such matter prior to sentence and the ground or issue
> in question was not subsequently determined upon
> appeal.

(440.10 Dec. at 6-7); CPL § 440.10(3)(a).  The purpose of CPL §
440.10 is to provide a means by which criminal defendants can
inform the court of facts that were not reflected in the record
and were unknown at the time of judgment, and that would as a
matter of law undermine the judgment.  *People v. Maffei*, 35

8

N.Y.3d 264, 269 (2020) (". . . providing a vehicle specifically for the investigation of claims dependent on matters dehors the direct record . . ."); *People v. Fuller*, 28 Misc. 3d 1144, 1146 (Sup. Ct. 2010.); *People v. Singh*, 147 A.D.3d 787, 788 (2017) ("CPL 440.10 . . . is designed for the purpose of developing matters dehors the trial record.")  A motion pursuant to CPL § 440.10 is not a vehicle for a second appeal.  *Pinckney v. Lee*, No. 10-CV-01312 (KAM), 2020 WL 6136302, at *9 (E.D.N.Y. Oct. 19, 2020); *People v. Cooks,* 67 N.Y.2d 100, 103 [1986].

Here, the state court noted that the purpose of a CPL § 440.10 motion is to develop facts that are outside the trial record and that the section does not apply to facts that should have been on the record prior to judgment.  (440.10 Dec. at 7.) ("The failure to place known facts on the trial record cannot justify a collateral attack.*") (citing *People v. Degondea,* 3 A.D.3d 148 (1st Dept 2003)).

A. ***Habeas Review of State Court's Application of a State Procedural Ground***

The state court expressly invoked CPL §440.10(3)(a) as a procedural ground for denying Petitioner's §440.10 motion.  A federal habeas court, guided by the Second Circuit, reviews a state procedural ground for decision to determine if it is independent of the federal claim and adequate to preclude

federal habeas review. *Fulton v. Graham*, 802 F.3d 257, 265 (2d Cir. 2015); *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011).

Under the adequate and independent state grounds doctrine, the federal court must honor a state court holding that provides a sufficient state law basis for the court's judgment, even where the state court also relies on federal law when ruling on the merits. *Harris v. Reed*, 489 U.S. 255, 264 (1989). A federal habeas court may not review a related state court decision if it rests on a state law ground that is "independent of the federal question and adequate to support the judgment." *Fulton*, 802 F.3d at 262 (quoting *Cone v Bell*, 536 U.S. 449, 465 (2009). Therefore, federal habeas review is not permitted where the state court explicitly invokes an independent and adequate state procedural bar as a separate basis for its decision. *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990); *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (holding that a habeas court may not consider a question of federal law presented in a case "if the decision of [the state] court rests on a state law ground that is *independent* of the federal question and *adequate* to support the judgment." (emphasis added)). A state procedural ground is independent if the state court relies on that law as an independent basis for its position and clearly and expressly states that its judgment

relies on that law.  *Garner v. Lee*, 908, F.3d 845, 859 (2d Cir. 2018).

The adequacy of a state procedural bar is a federal question.  *Lee,* 534 U.S. at 375.  Ordinarily the habeas court addresses the adequacy of a decision's state procedural ground by examining whether the rule upon which the state court relied is firmly established and regularly followed. *Fulton*, 802 F.3d at 262 (quoting *Downs v. Lape*, 657 F.3d 97, 101-02 (2d Cir. 2011)).

A state court must apply the state procedural grounds "evenhandedly to all similar claims."  *Cotto*, 331 F.3d at 239 (citing *Garcia v. Lewis,* 188 F.3d 71, 77 (2d Cir. 1999).)  Even if a rule is generally firmly established and regularly followed, the Court must examine the rule within the specific circumstances of the case.  *Monroe v. Kuhlman*, 433 F.3d 236, 241 (2d Cir. 2006) (citing *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003)).  If the Court determines that the state ground was exorbitantly applied, in that the rule was not applied in the same manner as in other cases with similar circumstances, the procedural ground invoked is inadequate to bar federal habeas review.  *Lee v Kemna*, 534 U.S. 362, 375 (2002).

Courts in the Second Circuit have recognized that CPL § 440.10(3)(a) is firmly established and regularly followed.  *See e.g., Pooler v. Rice*, No. 14-CV-3089 (JMA), 2017 WL 2684023, at

*8 (E.D.N.Y. June 20, 2017); *Chrysler v. Guiney*, 14 F. Supp. 3d
418, 454 (S.D.N.Y. 2014), *aff'd*, 806 F.3d 104 (2d Cir. 2015);
*Witt v. Racette*, No. 10-CV-9180, 2012 WL 3205177, at *8
(S.D.N.Y. Aug. 7, 2012).

"The question, then, is whether this case falls within 'the
small category of cases in which [the] asserted state grounds
are inadequate to block adjudication of the federal claim' or
'in which the exorbitant application of a generally sound rule
renders the state ground inadequate' to bar consideration of the
federal constitutional claim." *Cotto*, 331 F.3d at 239(quoting
*Lee*, 534 U.S. at 381).

Courts "evaluate whether a case presents such an
[exorbitant application of a state procedural rule] by reference
to three useful, but non-exclusive, considerations, or
'guideposts.'" *Kozlowski v. Hulihan*, 511 F. App'x 21, 25 (2d
Cir. 2013) (summary order). These guideposts are:

> (1) whether the alleged procedural violation was
> actually relied on in the trial court, and
> whether perfect compliance with the state rule
> would have changed the trial court's decision;
>
> (2) whether state case law indicated that
> compliance with the rule was demanded in the
> specific circumstances presented; and
>
> (3) whether petitioner had substantially complied
> with the rule . . . and, therefore, whether
> demanding perfect compliance with the rule would
> serve a legitimate governmental interest.

*Fulton*, 802 F.3d at 262; *Lee,* 534 U.S.at 381.

12

These guideposts, nevertheless, do not always apply in every scenario because they were derived from a fact-specific analysis and the courts must exercise caution to avoid "improperly 'forc[ing] square pegs into round holes' in considering those guideposts." *Pierotti v. Walsh*, 834 F.3d 171, 179 (2d Cir. 2016) (quoting *Clark v. Perez*, 510 F.3d 382, 391 (2d Cir. 2008)).

### B. *The State Court Erroneously and Exorbitantly Applied CPL § 440.10(3)(a)*

In his 440.10 motion to vacate his conviction, Petitioner contends that he received ineffective assistance of counsel because his attorney failed to advise him that the decision to testify at trial was ultimately Petitioner's to make and threatened to quit when Petitioner raised the issue of testifying on his own behalf.  (Pet. at 5; 440.10 Mot. at 2.)

The prosecution opposed the 440.10 motion and included an affidavit from Petitioner's counsel disputing with detailed facts Petitioner's factual statements.[3]  The 440.10 Court held that Petitioner's ineffective assistance of counsel claim was procedurally barred by NY CPL § 440.10(3)(a), because Petitioner failed to exercise due diligence and put his desire to testify

---

[3] For the purpose of considering whether the application of § 440.10(3)(a) by the state court was exorbitant, this Court will accept as true Petitioner's sworn statements of facts.

on the record in a manner that provided an adequate basis for review.  (440.10 Dec. at 7.)

Petitioner argues that the 440.10 Court erred in its application of CPL § 440.10(3)(a).  (Pet. Declaration at 2-3.) The 440.10 Court held that Petitioner's claims of ineffective assistance of counsel were barred based on procedural ground CPL § 440.10(3)(a), and denied Petitioner's motion stating,

> The Court may deny a motion to vacate a judgment when, although facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review of such ground or issue upon an appeal from the judgment, the defendant unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined upon appeal.

(440.10 Dec. at 6-7.)

Petitioner, in his reply to the Second Circuit's mandate, asserts that the 440.10 Court erred in its application of this procedural ground to bar his motion, because it overlooked the second part of the statute which directs that CPL § 440.10(3)(a) does not apply to bar "a motion based upon deprivation of the right to counsel at the trial or upon failure of the trial court to advise the defendant of such right[.]" CPL § 440.10(3)(a);(Pet. Declaration at 2-3.)

The 440.10 Court erred in its application of CPL § 440.10(3)(a) by disregarding the second part of this procedural

rule, because courts within the Second Circuit have determined that a motion based upon the deprivation of counsel also includes a motion based on ineffective assistance of counsel. *See Faulkenson v. Conway*, No. 04-CV-0080(SJF), 2007 WL 160926, at *7 (E.D.N.Y. Jan. 10, 2007) (citing *Lopez v. Greener*, 323 F. Supp. 2d 456, 465 (S.D.N.Y.2004) *aff'd*, 159 Fed. Appx. 320 (2d Cir.2005)); *Watkins v. Perez*, No. 05 CIV. 477(GEL), 2007 WL 1344163, at *6 (S.D.N.Y. May 7, 2007); *Laigo v. New York*, No. 10-CV-04228 (PKC), 2013 WL 1898407, at *4 (E.D.N.Y. May 7, 2013); *Bolling v. Stinson*, No. 97-CV-6721, 1999 WL 287733, at *3 (E.D.N.Y. May 5, 1999). Petitioner's claim of ineffective assistance of counsel falls under the umbrella of a deprivation of counsel claim; thus, the statute should not have been applied to deny Petitioner's 440.10 motion. Under New York law, when a claim of ineffective assistance of counsel is based upon facts that occurred outside the trial record, the claim must be made on collateral attack via a CPL § 440.10 motion, and not upon direct appeal. *Pierotti*, 834 F.3d at 178 (citing *People v. Brown*, 45 N.Y.2d 852, 853-54 (1978)).

Here, Petitioner's ineffective assistance claims turn on a conversation with his counsel, off the record, and therefore, it would not have been appropriate for Petitioner to have raised his claims on direct appeal. The 440.10 Court did not

acknowledge that CPL § 440.10(3)(a) did not apply to bar Petitioner's ineffective assistance of counsel claims.

Furthermore, the 440.10 Court held that Petitioner's motion under CPL § 440.10 should not present facts that *should have* been developed on the record and a defendant who disagrees with his attorney about his right to testify has an obligation to state that on the trial record.  (440.10 Dec. at 7-8.) (emphasis added).  The 440.10 Court noted that Petitioner failed to raise his desire to testify during the trial when his attorney stated on the record that the defense rested, and that Petitioner did not raise his desire to testify during his pre-sentence interview or during the sentencing proceedings. (440.10 Dec. at 6.)

The 440.10 court exorbitantly applied CPL § 440.10 (3)(a) by not properly considering the statute.  Here, as in *Pierotti,* the first and third guideposts generally used to determine whether a state court's application of a procedural rule was exorbitant are not applicable because the guideposts pertain to procedural violations that occurred on the record before a trial court during the trial. 834 F.3d at 179.

Turning to the second guidepost of whether perfect compliance with the rule is demanded, the application of §440.10(3)(a) is permissive and does not demand perfect compliance.  Section 440.10(3)(a) provides that the state court

"may" deny a motion to vacate under such circumstances, but it is not required to do so.  *Cf*. CPL §440.30(3) ("Upon consideration of the merits of the motion the court must grant it . . .")

Further analysis of the purpose of the statute and its application to these unique facts demonstrates that the 440.10 Court applied the statute exorbitantly in this instance.  Here, the 440.10 Court opined that the purpose of a motion to vacate pursuant to CPL § 440.10 was to "develop facts dehors the trial record, not to apply facts that *should have* been placed on the record prior to judgment."  (440. Dec. at 7.)  (emphasis added). The 440.10 Court held that because Petitioner did not object when his counsel waived his right to testify, that waiver is binding and valid, (*id*. at 8), and required that, "A defendant who is disagreement with his attorney about whether to testify has an obligation to affirmatively state such when counsel rests without the defendant's testimony."  (*Id*.) (citing *United States v. Martinez,* 833 F.2d 750 (9th Cir. 1989), *vacated on other grounds,* 928 F.2d 1470 (9th Cir. 1991); *People v. Roman,* 172 Misc.2d 339 (Sup. Ct., 1997)).[4]

---

[4] The 440.10 Court's reliance on *People v. Roman*, 172 Misc. 2d 339, 344 (Sup. Ct. 1997) was also misplaced because the *Roman* court also rejected the Ninth Circuit's reasoning stating: "This Court does not now believe that a defendant must explicitly state to the Court his disagreement with counsel's actions or be foreclosed from raising the claim that he was denied the right to testify." (citing *United States v. Ortiz,* 82 F.3d 1066, 1071 (D.C. Cir. 1996)).  The *Roman* Court held that for the court to interject with a judicial

The 440.10 Court relied on a Ninth Circuit opinion, *United States v. Martinez* that the Second Circuit had previously rejected.  In *Martinez*, the defendant, Martinez, claimed he was deprived of his right to testify when his attorney refused to call him as a witness.  883 F.2d at 752.  The Ninth Circuit, in *Martinez*, held that criminal defendants who fail to notify the court that they object to their attorney resting without allowing their client to testify waive their right to testify. *Id.* at 759 ("Day after day in the courts of the United States defense counsel make the decision not to cross-examine without first informing their clients that they have a fundamental constitutional right to insist upon cross-examination . . . We assume, not unreasonably in our culture, that this right is so generally known that it is not necessary to inform the defendant of its existence.  We also assume that by accepting counsel and not objecting in court to counsel's action that the defendant waives this right when counsel waives it.  It is crystal-clear that a defendant may waive the right by his conduct.").

The Second Circuit, however, has rejected the Ninth Circuit's reasoning in *Martinez.* In *Brown v. Artuz*, 124 F.3d 73,

---

inquiry into a defendant's waiver of his right to testify, there must be some indication during the trial of conflict between the attorney and defendant or a tactical decision by the attorney that places the defense case in jeopardy. *Roman*, 172 Misc. 2d at 344.  New York Courts have repeatedly held that any waiver of the constitutional right to testify in one's own defense must be knowing, voluntary, and intelligent.  *See People v. Morgan*, 149 A.D.3d 1148, (3d Dep't 2017).

79 (2d Cir. 1997), the Second Circuit noted: "[W]e do not go so far as *Martinez* in relieving defense counsel of a responsibility in the matter." Thereafter in *Chang v. United States*, 250 F.3d 79, 84 (2d Cir. 2001) the Second Circuit stated its agreement with:

> the circuits that have refused to find a waiver or forfeiture solely from a defendant's silence at trial. . . . [A]bsent something in the record suggesting a knowing waiver, silence alone cannot support an inference of such a waiver. . . . [A] defendant who is ignorant of the right to testify has no reason to seek to interrupt the proceedings to assert that right, and we see no reason to impose what would in effect be a penalty on such a defendant.

A defendant in New York does not waive the right to testify even if the defendant remains silent on the matter at trial. (*Id.*)

Other Circuits have also rejected a requirement that a defendant must object to his lawyer's actions during trial to preserve his right to testify. *See Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991)("We . . . recognize that the defendant might well feel too intimidated to speak out of turn in this fashion."); *United States v. Ortiz*, 82 F.3d 1066, 1071 (D.C. Cir.1996)("However, we also reject the demand rule, requiring that the defendant directly express to the court during the trial the desire to testify, in recognition of the impracticability of placing a burden on the defendant to assert a right of which he might not be aware or to do so in

19

contravention of the court's instructions that the defendant speak to the court through counsel."); *United States v. Teague*, 908 F.2d 752, 759 (11th Cir. 1990)("It would be anomalous to consider the right to counsel of fundamental importance because of the common lack of understanding of the trial process by defendants, and to require a defendant to rely on his attorney to be his sole spokesperson in the courtroom, while at the same time holding that by failing to speak out at the proper time a defendant has made a knowing, voluntary and intelligent waiver of a personal right of fundamental importance such as the right to testify.")  New York state courts have not adopted the Ninth Circuit's position, and in fact, they have soundly rejected its reasoning.  In *People v. Windley*, 28 Misc. 3d 1232(A) (Sup. Ct. 2010), the court stated:

> Contrary to the People's view, the trial record is devoid of any indication that the defendant waived his right to testify or was persuaded by counsel not to do so for strategic reasons.  In general, counsel is reasonably viewed as part and parcel of the defendant and his case.  Thus, [defense counsel's] metaphorical use of the pronoun "we," along with the lack of any demonstrative protestation over not being called as a witness, hardly establish that the defendant waived his right to testify.  Whether [defense counsel] engaged a trial strategy that excluded the defendant's testimony belies the issue presented here, which is, did the defendant waive his right to testify or did counsel deprive him of the opportunity to make that decision.

Not only did the 440.10 Court rely on the rejected *Martinez* case as support for its decision, but it also relied upon *People v. Degondea,* 3 A.D.3d 148 (1st Dept 2003) where the defendant claimed that the judge was falling asleep during jury selection. In *Degondea,* the Appellate Division, First Department determined that the claim was procedurally barred under CPL § 440.10(3)(a) because the defendant should have placed this issue on the record during the trial. (Id.)  The 440.10 Court's supportive case law is not analogous to the instant Petitioner's stated fear of losing his attorney, his representative at trial, if he spoke up.

When New York State cases have invoked CPL § 440.10(3)(a) on claims of ineffective assistance of counsel, the claims generally have involved: failures to call certain witnesses, object to testimony, cross examine witnesses, challenge jurors during v*oir dire*, or to properly advise a defendant prior to entering a guilty plea or other trial errors. *See People v. Durham,* 195 A.D.3d 1318, 1321 (2021), *leave to appeal denied*, 37 N.Y.3d 1160 (2022); *People v. Stanley*, 189 A.D.3d 1818, 1820 (2020).

Although some ineffective assistance claims regarding trial or procedural errors should be placed on the record, courts have acknowledged that some ineffective assistance of counsel claims occur outside of the record.  *See Durham,* 195

A.D.3d at 1321. (Where the court acknowledged that counsel's allegedly erroneous sentencing advice was a matter *dehors* the record). Here, Petitioner's conversation with counsel about his desire to testify occurred off the record.

Petitioner was represented by counsel throughout trial proceedings and sentencing and relied on his counsel's representation. Petitioner's stated fear, whether it was justified or not, that his attorney would quit if Petitioner raised the issue, would reasonably have prevented Petitioner from raising the issue at the time of Petitioner's trial proceedings. The 440.10 Court ignored the obvious concerns of raising an infective assistance of counsel claim during the trial and its requirement that Petitioner follow a rule that is not supported or applied by state courts in similar circumstances, was an exorbitant application of a procedural ground.

Contrary to the state court's findings, Petitioner's desire to testify and his claims that counsel prevented him from doing so are not matters that "should have been put on the record", and thus the State Court exorbitantly applied CPL § 440.10(3)(a).

**II. Contrary-to-fact: The State Court's Merit Analysis was a "Contrary-to-fact Construction" and is Not Entitled to AEDPA Deference.**

As instructed by the Second Circuit, the Court will next consider whether the 440.10 Court's state law analysis was a "contrary-to-fact construction."  When the state court rules on a petitioner's claim on procedural grounds but then proceeds to discuss the merits, the state court has applied a "contrary-to-fact construction".  *Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007) (" . . . *if* the merits were reached, the result *would be* the same."); *see also Fulton,* 802 F.3d at 265 ("The state court introduced its discussion of the merits as follows: "however, if the court were to consider the defendant's claims . . . the motion would similarly be denied."*); Clark v. Perez*, 510 F.3d 382, 394 (2d Cir. 2008) ("That court did discuss the merits in detail, but the discussion was by way of explanation for the statement that were the court to consider defendant's claim of a deprivation of her constitutional right, it would find the claim completely meritless . . . by its own terms the [state court] announced that it was not basing its judgment on the merits of [petitioner's federal claims, but on a state procedural bar.")(internal quotations omitted).

A contrary-to-fact construction creates a contingent observation, not an alternative holding.  *McDowell v. Heath*, No. 09 CIV. 7887 (RO) (MHD), 2013 WL 2896992, at *6 (S.D.N.Y. June 13, 2013).  A contingent observation, "reflects that the disposition was not premised on the court's view of the merits."

23

*Bell*, 500 F.3d at 155.  A contrary-to-fact construction of the merits is the not the same as an adjudication on the merits in which the court disposes of the claim on the merits and reduces its disposition to judgment.  *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir.2001) (internal quotations omitted).  Nor is it an alternative holding. *See Zarvela v. Artuz,* 364 F.3d 415, 417 (2d Cir.2004) (the state court had reviewed the claim on the merits when it found the claim to be unpreserved, and in any event, without merit.) (internal quotations omitted).

Under AEDPA, if a habeas petitioner's claim "was adjudicated on the merits in State court proceedings," a federal court can grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).  Although in its decision denying Petitioner's 440.10 motion, the 440.10 Court commented on the merits of Petitioner's ineffective assistance claim, that Court's commentary does not constitute a decision on the merits for purposes of 28 U.S.C. § 2254(d). *Fulton*, 802 F.3d at 265.

Though the 440.10 Court dismissed Petitioner's claim on a procedural ground, it also stated that, "Even if defendant's self-serving, unsubstantiated assertions were enough to survive

24

the procedural hurdles, his claim of ineffective assistance of counsel would fail under a *Strickland* analysis." (440.10 Dec. at 14.) The 440.10 Court employed a contrary-to-fact construction when it discussed the merits of Petitioner's claim as a contingent observation to its decision to deny the claim on procedural grounds.

When a court employs a contrary-to-fact construction in its determination of the merits of a claim, the Second Circuit had held that that determination is not an adjudication of the claim on the merits. *See e.g.*, *Cochran v. Griffin,* No. 918CV0175 (LEK)(TWD), 2021 WL 1223848, at *5 (N.D.N.Y. Mar. 31, 2021) (finding that the state court did not adjudicate the petitioner's claim on the merits when it employed the contrary-to-fact construction by stating, "even if this [state] court were to consider the motion, it would be denied on the merits"); *Cooper v. Griffin*, No. 16CV0629(VEC)(BCM), 2019 WL 1026303, at *10 (S.D.N.Y. Feb. 11, 2019) (finding the use of the phrase "in any event, even if the this court were to reach the merits of the claim, they would be denied," to be a contrary-to-fact construction and not an alternative holding not entitled to deferential review under § 2254(d).); *McClain v. Inserra*, No. 10 CV 2303 (RJD), 2013 WL 2395190, at *6 n. 1 (E.D.N.Y. May 31, 2013) (finding there was no adjudication on the merits as the state court employed a contrary to fact construction by stating

"*were* the court, nevertheless, to consider petitioner's claim, it *would* find that counsel's failure . . . did not deprive the defendant of meaningful representation.").

This Court determines that the procedural ground that the 440.10 Court exorbitantly employed in its disposition is inadequate to bar federal habeas review, and that because the 440.10 Court did not determine the claim on the merits, this Court must review Petitioner's claims *de novo*. *See Fulton* 802 F.3d at 265; *Bell*, 500 F.3d at 155; *Cotto*, 331 F.3d at 230.

**III.  Under *de novo* review, Petitioner's Ineffective Assistance claim fails to satisfy the *Strickland* standard.**

The Constitution requires that a defendant receive effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 (1970).  "[A]ny claim by the defendant that defense counsel has not discharged their responsibility—either by failing to inform the defendant of the right to testify or by overriding the defendant's desire to testify—must satisfy the two-prong test established in *Strickland v. Washington,* 466 U.S. 668 (1984), for assessing whether counsel has rendered constitutionally ineffective assistance." *Brown*, 124 F.3d at 79.

In *Strickland,* 466 U.S. 668, the Supreme Court articulated a two-prong test to determine whether an attorney has provided ineffective assistance of counsel.  "A [petitioner] claiming

26

ineffective assistance must (1) demonstrate that his counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms,' and (2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *Grant v. Woods*, 313 F. App'x 376, 377 (2d Cir. 2009) (citing *Strickland*, 466 U.S. at 688, 693) (citations omitted).  The *Strickland* standard is both "highly demanding," and "rigorous." *Kimmelman v. Morrison,* 477 U.S. 365, 382 (1986); *Lindstadt v. Keane,* 239 F.3d 191, 199 (2d Cir. 2001).  The petitioner bears the burden of proving that both *Strickland* prongs are met. *Byrd v. Evans,* 420 F. App'x 28, 30 (2d Cir. 2011) (citing *Kimmelman,* 477 U.S. at 381).

In considering the first *Strickland* prong, the counsel's performance, a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland,* 466 U.S. at 689. Petitioners are tasked with overcoming "the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Id.* (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)).

In considering the second *Strickland* prong, the prejudice prong, courts consider "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Id.* at

686.  To establish prejudice, a petitioner must demonstrate that
"there is a reasonable probability that, absent the errors, the
factfinder would have had a reasonable doubt respecting guilt."
*Henry v. Poole,* 409 F.3d 48, 63–64 (2d Cir. 2005) (quoting
*Strickland,* 466 U.S. at 695).  A reasonable probability is
defined as "a probability sufficient to undermine confidence in
the outcome." *Morales v. Greiner*, 273 F. Supp. 2d 236, 246
(E.D.N.Y. 2003) (citing *Strickland,* 466 U.S. at 694.)  "[T]he
petitioner must show that but for counsel's ineffectiveness,
there is a reasonable probability that the sentence imposed
would have been different." *Martin v. United States,* 834 F.
Supp. 2d 115, 126 (citing *United States v. Workman,* 110 F.3d
915, 920 (2d Cir. 1997)).

Petitioner alleges he received ineffective assistance
of counsel because his attorney did not inform him that he had a
constitutional right to testify, and that Petitioner was free to
exercise that right even if his attorney did not want him to
testify.  (440.10 Mot. at 19-30).  Petitioner further alleges
that his attorney prevented him from testifying when he asked to
testify, and his attorney told him he could not testify and
threatened to "withdraw from the case if Petitioner raised the
issue again."  (Pet. Aff. at 20-24).

Petitioner submitted his own affidavit and affidavits from
two of his family members, which do not show personal knowledge

28

of conversations between Petitioner and his counsel, and merely assert that counsel informed them that Petitioner did not need to testify.  (ECF No. 11-4, Petitioner's Family Members' Affidavits ("Family Affs."), filed 08/16/21 at 36, 38.)  The prosecution submitted an affidavit from Petitioner's counsel stating that he told Petitioner that the decision whether to testify should be made after the prosecution presented its case. (ECF No. 11-4, Trial Counsel's Sworn Affidavit ("Counsel Aff."), filed 08/16/21, at 62-62).  Counsel also stated in his sworn statement that as the prosecution was close to concluding its case, and after the prosecution rested, he informed Petitioner that his right to testify was ultimately his decision but strongly advised Petitioner against doing so because counsel believed the prosecution failed to prove its case.  (*Id.*)  He states that Petitioner chose not to testify, and that counsel did not prevent Petitioner from testifying.  (*Id.*)

A.   **First Strickland Prong: Performance by Counsel**

The Court finds that Petitioner does not meet the first prong of the *Strickland* test.  A petitioner must proffer sufficient evidence to support allegations that his counsel failed to inform him of his right to testify or barred him from testifying.  *Bennett v. United States*, 663 F.3d 71, 86 (2d Cir. 2011).

Here, Petitioner provided his own sworn statement as well as two affidavits from family members. (Pet. Aff. at 20-24); (Family Affs. 36, 38.) In his own sworn statement, Petitioner alleges that he first raised the issue of testifying with defense counsel after jury selection was complete, and counsel responded forcefully telling Petitioner to "shut up", that "[he] was not testifying" and "if [Petitioner] talk[ed] about testifying again, I am getting off the case." (Pet. Aff. at 22.) The affidavits of Petitioner's two family members do not substantiate his claims. Both affidavits state that when his family members asked counsel if Petitioner was going to testify, counsel told them that Petitioner would not need to testify. (Family Affs. at 36-38.) The family members' affidavits do not state personal knowledge that Petitioner's counsel did not advise him of the right to testify or threaten Petitioner that he would cease to represent Petitioner if he were to raise the issue of testifying again. (*Id*.) Nor does Petitioner's family state in their affidavits that Petitioner wished to testify and that his counsel prevented him from doing so. (*Id*.)

Petitioner's claims of ineffective assistance of counsel are, therefore, only supported by his own sworn statements. Other than his own sworn statement, Petitioner provides no additional proof that counsel did not inform him about his right to testify or that he threatened to withdraw if Petitioner

raised the issue of testifying.  Under New York law, the state court may deny a motion to vacate the judgment under CPL § 440.10 on the merits without a hearing if an allegation of fact essential to support the motion is made solely by the defendant and is unsupported by any other affidavit or evidence.  CPL § 440.30(4)(d)(i).

In most circumstances, such as in the instant case, the self-serving testimony of a petitioner is not sufficient to satisfy the first *Strickland prong* absent substantiation and more fulsome details of the circumstances.  *Purdy v. Zeldes*, 337 F.3d 253, 259 (2d Cir. 2003); *Chang*, 250 F.3d at 79 ("A defendant's bare, unsupported assertion, even in affidavit form, is generally insufficient; rather courts have required greater particularity and some substantiation to state a claim.") (internal quotations omitted); *See also Reese v. United States*, 164 F. Supp. 3d 608, 6112 (S.D.N.Y. 2016) ("[A] petitioner's unsubstantiated and self-serving statements are generally insufficient by themselves to sustain an ineffective assistance of counsel claim unless they are found credible given all the relevant circumstances.")

Where there is a claim involving an "off the record interaction" with trial counsel, the habeas court "cannot just rely on the motion, files, and records before the district court." *Heron v. Griffin*, No. 18-CV-00004 (JFB), 2019 WL

31

1050011, at *8 (E.D.N.Y. Mar. 5, 2019(quoting *Chang*, 250, F.3d
at 85.)  An evidentiary hearing is not required, though, if the
record is supplemented with a detailed affidavit from trial
counsel describing the circumstances surrounding the
petitioner's failure to testify.  *Chang*, 250, F.3d at 85-86.
When faced with the self-serving unsubstantiated allegations of
a habeas petitioner that are contradicted by the credible
affirmation of trial counsel, the habeas court can properly
exercise its discretion and choose to credit trial counsel and
deny the claim of ineffective assistance of counsel.  *See
Batista v. United States*, No. 14-CV-895 (DLI), 2018 WL 1556880,
at *6 (E.D.N.Y. Mar. 30, 2018), *aff'd*, 792 F. App'x 134 (2d Cir.
2020)("Where ... a habeas court is faced with self-serving
allegations that are contradicted by a credible affirmation by a
trial attorney, it may choose to credit the attorney and dismiss
the ineffective assistance of counsel claim without further
hearings.")(citing *Vargas v. United States*, 2007 WL 2246004, at
*8 (E.D.N.Y. July 31, 2007); *Thai v. United States*, 2007 WL
13416, at *6 (E.D.N.Y. Jan. 2, 2007)(finding the petitioner's
ineffective assistance of counsel claim to be meritless when the
petitioner's only evidence was his own self-serving testimony
that was contradicted by an affidavit from his defense counsel
which described a credible description of events)(internal
quotations omitted).

Petitioner cannot establish ineffective assistance based only on his own self-serving and unsubstantiated assertions, particularly where his family members' affidavits do not support his assertions, and his own defense counsel submitted a detailed affidavit with a credible version of the events. *See United States v. El-Hage*, No. 16-CV-3119(LAK), 2019 WL 1915594, at *2 (S.D.N.Y. Apr. 30, 2019) ("The defendant cannot establish coercion on the sole basis of his alleged subjective belief that his counsel would not have supported his decision to testify in the face of objectively reasonable attorney conduct."); *Campbell v. United States*, No. 06 CR 41 CM, 2015 WL 1062176, at *7 (S.D.N.Y. Mar. 9, 2015)("[Petitioner] offers nothing more than his conclusory and self-serving claims to dispute [his claim that his lawyer told him not to testify]").

Petitioner's counsel stated in his affidavit that he had numerous conversations with Petitioner about the case and the evidence, including the video and his defense strategy. (Counsel Aff. 62-62.)  Petitioner's counsel informed the 440.10 Court that prior to jury selection he informed Petitioner that he was going to ask the trial court to provide a preliminary charge to the prospective jurors that the jury could not consider the fact that Petitioner did not take the stand in their determination of guilt.  (*Id*. at 63.)  Counsel informed Petitioner that the preliminary charge would allow him to strike

33

jurors who state that they want to hear from both sides.  (*Id.*)
Counsel told Petitioner that his decision to testify should wait
until after the prosecution finished presenting its case and
rested.  (*Id.*)  When the prosecution was almost finished
presenting its case, Petitioner informed counsel that he wanted
to testify.  (*Id.* at 64.)  Counsel told Petitioner that it was
ultimately Petitioner's decision if Petitioner wanted to testify
but counsel strongly advised Petitioner not to testify because
counsel believed the prosecution had not met its burden of
proof.  (*Id.*)  Counsel reiterated this advice after the
prosecution rested, and Petitioner made the decision not to
testify.  (*Id.*)  Counsel stated that counsel's advice was based
on a strategic decision to "hold the People to their burden,"
and that he did not prevent Petitioner from testifying.  (*Id.*)

    Petitioner's account of his off the record conversation
with counsel is unsubstantiated and self-serving.  He provided
two affidavits from family members, including his mother, who he
stated was paying for his attorney.  His family members'
affidavits did not state that Petitioner told them that he
wished to testify, or that counsel refused to allow Petitioner
to testify.  (Family Affs. at 36,38).  Rather, the family
members' affidavits support defense counsel's affidavit that
Petitioner did not need to testify. Counsel's detailed affidavit
states that based on his legal strategy of holding the

34

prosecution to its burden of proof, he strongly advised
Petitioner not to testify but it was his decision to make, and
that Petitioner ultimately decided not to testify.  (Counsel
Aff. 62-62).  The Court finds that counsel's detailed account on
this issue is credible and reliable, however even if this Court
were to find Petitioner's unsubstantiated affidavit to be
credible and reliable, Petitioner has not satisfied the second
Strickland prejudice prong.

## B.  Second *Strickland* Prong: Prejudice

Petitioner has failed to establish that counsel's
legal assistance so prejudiced Petitioner that there is a
reasonable probability that, absent such conduct, the factfinder
would have had a reasonable doubt respecting Petitioner's guilt.
*Henry,* 409 F.3d at 63-64.  Petitioner detailed the matters about
which he wished to testify in his 440.10 motion, specifically
that his use of force during the drug transaction was justified
because he believed he was being robbed.  (Pet. Aff. at 22.)
The person for whom Petitioner was selling drugs forced
Petitioner to take a gun to the meeting with the drug purchaser
(the undercover officer) and threatened to shoot a member of
Petitioner's family if he was robbed.  (*Id*.)  Petitioner,
unsuccessfully, tried to change the location of his meet up with
the undercover officer, and at the meeting gave the undercover

officer his keys to show that he was not trying to rob him.
(*Id*. at 22-23.)  As soon as the additional unmarked police
vehicles arrived at the location and blocked Petitioner in, and
he saw that one officer had a gun, Petitioner feared that he had
been set up to be robbed.  (*Id*. at 23.)  The trial evidence
established that no law enforcement officers identified
themselves as police, they were not wearing uniforms and did not
have their shields displayed which is consistent with the
justification defense that Petitioner believed he was being
robbed. (Tr. 295-96, 598-600, 615,617-19.)

The information to which Petitioner wished to testify to
support his justification defense was provided to the jury
without Petitioner being subjected to cross-examination if he
had testified.  The audio recording and testimony from the
undercover officer, who previously told Petitioner he was not
police, indicated that Petitioner tried to change the location
of the meeting and he refused, and that Petitioner gave him his
keys at the location.  (Tr. 200-01, 208,213-14.)  The undercover
officer was wearing plain clothes.  The video surveillance
evidence showed that Petitioner's vehicle was surrounded by
unmarked police vehicles.  The police officers testified that
they did not announce themselves as police or wear their police
shields because they were concerned about counter-surveillance.
(Tr. 215-17, 598-600, 619-227.)  Defense counsel argued in

36

opening and closing statements that Petitioner did not know he was encountering law enforcement, feared he was going to be robbed, and argued that the audio and video surveillance supported the justification defense regarding Petitioner's use of force by discharging a weapon at the police.  (Tr.25-30,700-01, 705, 707,727, 729-34, 739.)

Absent counsel's alleged conduct preventing Petitioner from testifying, the same evidence, information, and arguments supporting Petitioner's defense was provided to the jury.  (*See* 440.10 Dec at 17.)  Counsel's decision to strongly advise Petitioner not to testify constituted a sound, albeit unsuccessful, defense strategy, but does not satisfy the prejudice prong nor amount to ineffective assistance of counsel. *See United States v. Stahl*, 337 F. App'x 31, 33 (2d Cir. 2009)(defense counsel was not deficient for focusing on one defense strategy over another and even if counsel had used the defense the petitioner supported, there was no indication it would have led to a different outcome.);*Rosario-Dominguez v. United States*, 353 F. Supp. 2d 500, 513 (S.D.N.Y. 2005) (The court concluded that defense counsel's decision to pursue a certain strategy over others the defendant preferred was a matter of legal strategy and did not support a claim of ineffective assistance of counsel.)

Though the 440.10 Court erroneously and exorbitantly applied a procedural ground to deny Petitioner's ineffective assistance claims, *de novo* review of the claim demonstrates that Petitioner cannot satisfy the *Strickland* requirements and, therefore, the petition is respectfully denied.

### CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied.  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  The Clerk of Court is respectfully requested to enter judgment denying the petition, mail a copy of this Memorandum and Order and judgment to Petitioner at his last known address, note mailing on the docket and close this case within one business day.

SO ORDERED.
Dated: Brooklyn, New York
     June 29, 2023    _____/s/_____
                       KIYO A. MATSUMOTO
                       United States District Judge